IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

AUG 11 2016

CLERK, U.S. DISTRICT COURT
by _____
Deputy

| | | |
|---|---|---|
| LATASHA SMITH, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 4:16-CV-398-A |
| | § | (4:14-CR-230-A) |
| UNITED STATES OF AMERICA[1], | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for decision the motion of Latasha Smith ("movant") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence.[2] After having considered such motion, the government's response, movant's reply, and pertinent parts of the record in Case No. 4:14-CR-230-A, styled "United States of America v. Smith," the court has concluded that such motion should be denied.

---

[1]The court has changed the defendant in this action. The proper defendant in a motion under 28 U.S.C. § 2255 is the United States of America.

[2]Movant filed her motion as a petition for writ of habeas corpus under 28 U.S.C. § 2241. On June 10, 2016, the court notified movant that it intended to construe her petition as a motion under 28 U.S.C. § 2255 because she was contesting her sentence and requesting that the court re-sentence her. The court gave movant until June 24, 2016, to withdraw or amend her filling. Movant did not withdraw or amend her filling. On July 5, 2016, the court construed her filing as a motion under 28 U.S.C. § 2255.

I.

## Background

On January 23, 2015, movant entered a plea of guilty to theft of government funds. CR Doc.[3] 1; CR. Doc. 28.  Movant's imprisonment range was 12 to 18 months' imprisonment, and on May 15, 2015, the court sentenced her to a term of 33 months' imprisonment and two years of supervised release. CR. Doc. 43; CR. Doc. 44. Movant appealed her sentence and the appeal was dismissed for want of prosecution. CR. Doc. 49.

The government does not dispute that movant has timely filed her motion under 28 U.S.C. § 2255. The pertinent facts are adequately summarized by the government's response and will not be repeated here.

II.

## Grounds of the Motion

Movant asserts that "[m]y sentence was unjust due to the amount of money I was sentenced for." Doc.[4] 1 at 5. Movant also contends that the amount of funds she was "convicted for" was inaccurate. Doc. 1 at 7.

---

[3]The "CR Doc. __" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:14-CR-230-A.

[4]The "Doc. __" references are to the numbers assigned to the referenced documents on the docket of the civil case, No. 4:16-CV-398-A.

2

III.

## Analysis

A.   Pertinent Legal Principles

After conviction and exhaustion of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-65 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991).

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517–18 (5th Cir. 1978)).

3

B.    The Grounds of the Motion are Without Merit

Movant's motion asserts that the Social Security Administration contacted her and stated the amount of funds she was convicted for were inaccurate and that she would be re-sentenced. The record reflects that on January 27, 2016, the government filed a motion to credit movant with payments that she was owed from the Social Security Administration. CR. Doc. 51. The credit to her restitution payments was completely unrelated to her sentence. CR. Doc. 51. Furthermore, a motion under § 2255 may not be used to address claims of misapplication of the sentencing guidelines, which it appears is movant's main goal. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Movant's claims are nothing more than conclusory allegations which cannot sustain a claim under § 2255. See Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983).

IV.

Order

Consistent with the foregoing,

The court ORDERS that all relief sought by movant in her motion under 28 U.S.C. § 2255 be, and is hereby, denied.

* * * * * *

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C.

4

§ 2253(c)(2), for the reasons discussed herein, the court further

ORDERS that a certificate of appealability be, and is hereby,

denied, as movant has not made a substantial showing of the

denial of a constitutional right.

SIGNED August 11, 2016.

JOHN McBRYDE
United States District Judge